IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM L. EVINS,<br><br>    Plaintiff,<br><br>  v.<br><br>BEN CURRY, et al.,<br><br>    Defendants. | No. C 08-2537 CW (PR)<br><br>ORDER OF SERVICE |

Plaintiff William L. Evins, a state prisoner currently incarcerated at the Correctional Training Facility (CTF), has filed the present pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging that prison officials at CTF were deliberately indifferent to his medical needs.  His motion for leave to proceed in forma pauperis has been granted.

Venue is proper in this district because the acts complained of occurred at CTF, which is located in Monterey County.  28 U.S.C. §§ 84(a), 1391(b).

BACKGROUND

According to the allegations in the complaint, since 2003, Plaintiff has had "two different types of dental diseases that have been diagnosed by the CTF Dental Department." (Compl. at 3.)  He claims that he did not receive proper treatment for his dental problems, which has resulted in "constant pain since 2003 and the degeneration of all of Plaintiff's teeth." (Id.)  He also claims that these dental diseases have affected his heart. (Id.)

Plaintiff alleges that the failure to provide him with dental care when he was suffering and in pain since 2003 amounted to deliberate indifference to his serious medical needs.  He names the following as Defendants:  CTF Dentist P. Babienco; CTF Chief Dental

Officer K. B. Sather; CTF Chief Medical Officer Joseph Chudy; and CTF Warden Ben Curry. He seeks injunctive relief and monetary damages.

## DISCUSSION

### I. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

### II. Legal Claim

Deliberate indifference to the serious medical needs of convicted prisoners violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Serious

2

medical needs can include a prisoner's need for dental care. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989) (dental care important medical need of inmates).

A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. McGuckin, 974 F.2d at 1059. A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. (citing Estelle, 429 U.S. at 104). The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a serious need for medical treatment. Id. at 1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

A prison employee is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Liberally construed, Plaintiff's allegations present a cognizable claim for relief against Defendants Babienco, Sather and Chudy. However, Plaintiff has not alleged an adequate basis for liability against Defendant Curry. A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional

3

violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). Here, Plaintiff has alleged neither. Rather, it appears that he is seeking to impose liability under the doctrine of respondeat superior, that is, because Defendant Curry, as the warden of CTF, is responsible for the actions or omissions of his employees. However, respondeat superior liability is not a basis for recovery in a § 1983 action. Accordingly, Plaintiff's claim against Defendant Curry is dismissed with leave to amend. Plaintiff may file an amendment to the complaint that alleges supervisory liability under the standards explained above.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff has stated a cognizable Eighth Amendment claim against Defendants Babienco, Sather and Chudy for deliberate indifference to his medical needs.

2. Plaintiff's supervisory liability claim against Defendant Curry is DISMISSED WITH LEAVE TO AMEND as indicated above. Within thirty (30) days of the date of this Order Plaintiff may file an amended supervisory liability claim against Defendants Curry as set forth above in Section II of this Order. (Plaintiff shall resubmit only that claim and not the entire complaint.) The failure to do so will result in the dismissal without prejudice of the supervisory liability claim against Defendant Curry.

3. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments

thereto (docket no. 1) and a copy of this Order to <u>CTF Dentist P. Babienco; CTF Chief Dental Officer K. B. Sather; and CTF Chief Medical Officer Joseph Chudy</u>.  The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco.  Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

    4.   Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before <u>sixty (60) days</u> from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due <u>sixty (60) days</u> from the date on which the request for waiver was sent or <u>twenty (20) days</u> from the date the waiver form is filed, whichever is later.

    5.   Defendants shall answer the complaint in accordance with

the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

      a.   No later than <u>ninety (90) days</u> from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

      b.   Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than <u>sixty (60) days</u> after the date on which Defendants' motion is filed.  The Ninth Circuit has held that the following notice should be given to <u>pro se</u> plaintiffs facing a summary judgment motion:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If

> you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' dispositive motion.  Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration.  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

    c.  If Defendants wish to file a reply brief, they shall do so no later than thirty (30) days after the date Plaintiff's opposition is filed.

    d.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

6.  Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

7.  All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8.  It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

9.  Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than <u>fifteen (15) days</u> prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: 12/4/08

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

WILLIAM L. EVINS,

        Plaintiff,

  v.

BEN CURRY et al,

        Defendant.

Case Number: CV08-02537 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 4, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

William L. Evins
D14797
P.O. Box 689
Soledad, CA 93960

Dated: December 4, 2008

                                Richard W. Wieking, Clerk
                                By: Sheilah Cahill, Deputy Clerk

P:\PRO-SE\CW\CR.08\Evins2537.Service.frm       9