IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIAM L. EVINS, | ) | No. C 08-2537 CW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION TO COMPEL DISCOVERY, AND |
| v. | ) | GRANTING DEFENDANTS' MOTION FOR |
| | ) | SUMMARY JUDGMENT |
| BEN CURRY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | (Docket nos. 20, 22) |

INTRODUCTION

Plaintiff William L. Evins, a state prisoner, brought this case under 42 U.S.C. § 1983 against officials at the Correctional Training Facility(CTF), where he is currently incarcerated, alleging deliberate indifference to his serious dental needs. In an order dated December 4, 2008, the Court dismissed Plaintiff's claim against Warden Ben Curry for failure to state a cognizable claim and found that Plaintiff stated cognizable Eighth Amendment claims against Defendants P. Babienco, K. Sather, and J. Chudy.

On April 14, 2009, Plaintiff filed a motion to compel discovery (docket no. 20).

On August 3, 2009, Defendants filed a motion for summary judgment on the grounds that no triable issue of material fact exists and that they are entitled to judgment as a matter of law (docket no. 22). Although given an opportunity to do so, Plaintiff did not file an opposition.

For the reasons discussed below, Defendants' motion for summary judgment is GRANTED.

BACKGROUND

I. Plaintiff's Claims

In his complaint and attachments thereto[1], Plaintiff makes the following allegations:

Plaintiff has two types of dental diseases that were improperly treated at CTF. The improper treatment has led to Plaintiff's constant pain since 2003 and the degeneration of all of his teeth. Plaintiff also alleges that improper dental treatment has affected his heart. Plaintiff demands that the diseases be treated, the rotted teeth extracted, and that a full set of permanent dental implants be provided. He also seeks monetary and punitive damages. (Compl. at 3.)

II. Factual Background

The following facts are undisputed, except where indicated.

Plaintiff is a fifty-five year old man with a significant history of heart disease and severe dental decay. (Vincent Decl. Ex. B at 0197; O'Neal Decl. ¶ 4.)[2] Plaintiff's dental disease is evidenced by tooth decay and extraction as far back as 1980, when Plaintiff was incarcerated in the Orange County Jail. (O'Neal Decl. ¶ 4.)

Plaintiff has been in custody at CTF since 1986. Until July, 2007, the procedure for obtaining dental care appointments was that

---

[1] Plaintiff attaches two sets of administrative appeals to his complaint, along with their corresponding responses by CTF officials. (Compl. Ex. A) The Court construes these documents to be incorporated into the complaint.

[2] The pages of the Defendants' exhibits are not numbered consecutively. Pages in their exhibits are identified herein by the number stamped on the bottom right-hand corner.

inmates were to submit a request for dental care by filling out a 7362 form. (Babienco Decl. ¶ 8.) The requests were then filed in the order in which they were received. (Id.) Inmates were also able to seek emergency dental care by going to sick call. (Id.) Plaintiff did not submit a 7362 request for dental care during the years from 2000 to 2007. (Id. ¶ 12.) Plaintiff's only requests for dental care during that time were requests for sick call emergency service. (Id. ¶ 16.)

In February, 2002, Plaintiff appeared at sick call complaining of pain. (Id. ¶ 9.) Defendant Dr. Babienco, a dentist at CTF, determined that Plaintiff needed extraction of tooth #9 due to severe decay. (Id. ¶ 1, 2, 9.) Tooth #9 was extracted shortly thereafter with Plaintiff's consent. (Id. ¶ 9.) In October, 2002, Plaintiff appeared again at sick call complaining of pain and, due to severe decay, tooth #14 was extracted with Plaintiff's consent. (Id. ¶ 10.)

In February, 2003, Plaintiff filed an inmate appeal with CTF, alleging "inadequate dental treatment." (Compl. Ex. A at 11, 13.)[3] Plaintiff complained that CTF failed to conduct "two year reexamination of inmates under fifty years of age," that "only one tooth will be worked on at a time, and any problems existing during these visits is not done at a return visit as a follow up, and no returns are initiated except by the inmate." (Compl. Ex. A at 11, 13.) Plaintiff requested to be seen by an outside dentist as well

---

[3]Because Exhibit A to Plaintiff's complaint does not contain page numbers, the Court refers to the pages of the exhibit in the order in which they are attached.

3

as to be provided permanent dental implants. (Id.) In March, 2003, Dr. Babienco partially granted Plaintiff's appeal for outside treatment subject to Plaintiff meeting certain conditions.[4] (Id. at 11, 15.)

In May, 2003, Plaintiff appealed to the second level of review, complaining that the March, 2003 response failed to address the issues in his original appeal. (Id. at 12.) In June, 2003, Defendants Dr. Babienco and Dr. Sather, the chief dental officer at CTF, again granted Plaintiff's appeal subject to the same conditions. (Id. at 12, 14.) Dr. Babienco and Dr. Sather also told Plaintiff that his dental condition was a result of his failure to maintain oral hygiene by using a toothbrush, that dental implants were not provided by CDC, that dentures were possible, and that all dental services are done at inmate request. (Id. at 14.) In July, 2003, Plaintiff appealed to the Director's Level Review on the same grounds. (Id. at 12.) In July, 2003, Plaintiff's appeal was rejected on the ground that it had already been granted at the

---

[4]The Conditions required for treatment by an outside dentist were explained as follows:
   (1) The level of treatment you are requesting must exceed the level of treatment available at the institution where you are incarcerated.
   (2) You must have a legitimate dental basis for the dental treatment you are requesting.
   (3) You must submit a written request, through your counselor, to the Chief Dental Officer stating the type of treatment you are requesting and your reasons for requesting it.
   (4) You must agree, and be able, to pay for the treatment requested.
   (5) You must agree, and be able, to pay for all transportation and escorting costs incurred in taking you to and from the non CDC dental facility.
   (6) Your request must be approved by a) the Chief Dental Officer, b) the Health Care Manager, c) the Warden.
   (7) The outside dental facility must agree to accept you as a patient.
   Plaintiff was then instructed to submit his request to the Chief Dental Officer in accordance with the conditions. (Compl. Ex. A at 15.)

4

lower level and because no unresolved issue remained for Director's Level Review. (Id. at 16.)

In January, 2007, Plaintiff received a sick call visit, at which time it was determined that tooth #3 was severely decayed, and it was extracted shortly thereafter with Plaintiff's consent. (Babienco Decl. ¶ 11.)

In February, 2007, Plaintiff filed an inmate appeal with CTF requesting that he be "seen by CTF dental staff to re-assess [his] dental pain and condition and commence treatment."[5] (Compl. Ex. A at 1, 3.) In March, 2007, Dr. Babienco and Dr. Sather partially granted Plaintiff's appeal. (Id. at 2, 5.) Dr. Babienco met with Plaintiff and told him that he must turn in a 7362 request for dental care in order to obtain a dental exam. (Babienco Decl. ¶ 13.)

In April, 2007, Plaintiff filed a second level appeal complaining about having to fill out a form in order to receive dental care. (Compl. Ex. A at 2, 4, 6.) On May 17, 2007, Defendant Dr. Chudy, the Chief Medical Officer at CTF, partially granted Plaintiff's appeal, instructing Plaintiff to complete a 7362 request for treatment form. (Id. at 2, 8.) The response contained an offer for Plaintiff to contact dental staff for assistance in filling out the 7362 form and a copy of the 7362 form

---

[5] Plaintiff also requested treatment in accordance with the class action settlement in Perez v. Tilton. (Compl. Ex. A at 1, 3.) To whatever extent he has standing to assert a claim under this settlement, he "must do so by urging further actions through the class representative and attorney, including contempt proceedings, or by intervention in the class action." McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc).

5

was attached. (Id.) Before appealing to the Director's Level, Plaintiff filled out a 7362 form requesting dental services. (Id. at 2.) Then, on May 30, 2007, Plaintiff did file an appeal to the Director's Level on the same grounds as his earlier appeals. (Id.)

In June, 2007, in response to Plaintiff's 7362 form, Dr. Babienco performed a dental examination of Plaintiff, found that Plaintiff had no dental hygiene, and recommended the extraction of his remaining teeth and fitting for full dentures. (Babienco Decl. ¶ 14.) After conferring with medical personnel about Plaintiff's heart disease, which was described as "end stage heart disease" "with stage 4 heart failure" and "severe cardiomyopathy," Dr. Babienco concluded that the anesthetic required for the extraction of all of Plaintiff's teeth and fitting for dentures posed an undue risk of heart attack for Plaintiff. (Id. ¶ 15.) Dr. Babienco recommended that Plaintiff not receive dental care unless performed at a facility that could provide advanced life support--a capacity that CTF facilities lacked. (Id.) Dr. Babienco placed a note in Plaintiff's file that dental treatment should not be provided except in emergencies. (Id.)

In August, 2007, Plaintiff's Director's Level Appeal was denied because "appellant [had] received the necessary dental intervention deemed medically necessary." (Compl. Ex. A at 2, 9.)

Between June, 2007 and April, 2009, Plaintiff did not request further dental care. (Babienco Decl. Ex. A at 1038.) In April, 2009, Dr. O'Neal took over Plaintiff's primary dental care and examined Plaintiff in June and July, 2009. (O'Neal Decl. ¶ 3, 6.) Dr. O'Neal determined that extraction and fitting for dentures

6

could be provided for Plaintiff at CTF with modified anesthetic procedures, and that permanent dental implants were not appropriate for Plaintiff due to his history of poor hygiene and an inadequate amount of healthy bone in Plaintiff's mouth. (Id. ¶ 6.) Plaintiff has agreed to the extraction of his remaining teeth and fitting for dentures. (Id.) The record does not indicate what, if any, dental care Plaintiff has received since Dr. O'Neal's July, 2009 evaluation.

## DISCUSSION

I. PLAINTIFF'S MOTION TO COMPEL

Plaintiff has filed a motion to compel discovery (docket no. 20). The Court will construe Plaintiff's motion to compel discovery as a request under Federal Rule of Civil Procedure 56(f).[6] See Hancock v. Montgomery Ward Long Term Disability Trust, 787 F.2d 1302, 1306 n.1 (9th Cir. 1986) (pending motion to compel discovery was sufficient to raise Rule 56(f) consideration).

Rule 56(f) of the Federal Rules of Civil Procedure provides a device for litigants to avoid summary judgment when the non-movant needs to discover affirmative evidence necessary to oppose the motion. See Garrett v. San Francisco, 818 F.2d 1515, 1518 (9th Cir. 1987). Rule 56(f) provides that a court may deny a summary

---

[6] Addressing motions for summary judgment, Rule 56(f), entitled, "When Affidavits are Unavailable," states:
> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

Fed. R. Civ. P. 56(f).

7

judgment motion to permit discovery if it appears that a party cannot present facts essential to opposing the motion. Fed. R. Civ. P. 56(f). Rule 56(f) requires an affidavit which sets forth the information sought and how it would preclude summary judgment by creating a genuine issue of material fact. See Hall v. Hawaii, 791 F.2d 759, 761 (9th Cir. 1986).

By filing his motion to compel discovery, Plaintiff meets Rule 56(f)'s procedural requirement that he submit an "affidavit" setting forth the discovery requested. Although Plaintiff's discovery motion is not entitled "Affidavit in Support of Rule 56(f) Request," the Ninth Circuit has stated that a court is free to construe a discovery motion as a request under and in compliance with Rule 56(f). See Hancock, 787 F.2d at 1306 n.1.

Plaintiff's discovery motion concerns requests for production two, three, and five. The second request seeks:

> Any and all documentation reference to Department Operational Manuals ..., any and all dental examination, books, training manuals, and/or tangible things; and the identity and location of persons having of any discoverable matter.

(Id. at 2.) The third request seeks "[a]ll sick-call sheets from the period March 5, 2003 to the date of your response." (Id.) The fifth request seeks "[a]ny and all logs, lists, or other documentation reflecting grievances filed by Soledad prisoners relevant to medical mistreatment by defendants from March 5, 2003 to date of your response." (Id. at 3.)

As the Ninth Circuit stated in Continental Maritime v. Pacific Coast Metal Trades, 817 F.2d 1391, 1395 (9th Cir. 1987), under Rule 56(f) "the party seeking a continuance bears the burden to show

what specific facts it hopes to discover that will raise an issue of material fact." Id. Plaintiff has not met this burden. Plaintiff fails to demonstrate how "additional discovery would have revealed specific facts precluding summary judgment." See Tatum v. City and County of S.F., 441 F.3d 1090, 1101 (9th Cir. 2006). The requested documents are sought without explanation of what specific, material facts these documents will likely disclose; Plaintiff only states in conclusory fashion that they will help him "show he received disparate dental treatment." (Pl.'s Mot. Compel at 3.) Such conclusory allegations are not sufficient under Rule 56(f). Moreover, whether the treatment he received was "disparate" from that of other prisoners is irrelevant to Plaintiff's claim that Defendants were deliberately indifferent in his case. Thus, Plaintiff has not met his burden under Rule 56(f).

In addition, Plaintiff's individual requests do not show adequate cause to grant the discovery motion. Plaintiff's third and fifth requests cannot be granted because they request the confidential medical records of other inmates who are not parties to this case. Plaintiff's own dental records have already been provided in response to Plaintiff's fourth request for production. Plaintiff's second request is overly broad in that it asks Defendants to provide "any and all dental examination, books, training manuals, and/or tangible things," without explaining what helpful facts these documents might provide. Therefore, the Court DENIES Plaintiff's motion to compel discovery.

The Court will now address Defendants' motion for summary judgment.

II. SUMMARY JUDGMENT STANDARD

Summary judgment is properly granted when no genuine and disputed issues of material fact remain and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir. 1987).

The moving party bears the burden of showing that there is no material factual dispute. Therefore, the Court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material. Celotex, 477 U.S. at 324; Eisenberg, 815 F.2d at 1289. The Court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991). A verified complaint may be used as an opposing affidavit under Rule 56, as long as it is based on personal knowledge and sets forth specific facts admissible in evidence. Schroeder v. McDonald, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995).

Material facts which would preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. The substantive law will identify which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Where the moving party does not bear the burden of proof on an issue at trial, the moving party may discharge its burden of

showing that no genuine issue of material fact remains by demonstrating that "there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325. The burden then shifts to the opposing party to produce "specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991), cert. denied, 502 U.S. 994 (1991). A complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. Celotex, 477 U.S. at 323.

III. SUMMARY JUDGMENT DISCUSSION

A. Eighth Amendment Standard

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Serious medical needs include dental care. Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989).

A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. (citing Estelle, 429 U.S. at 104). Indications that a prisoner has a "serious" need for medical treatment include the existence of an injury that a reasonable doctor or patient would find important and worthy of

11

comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. Id. at 1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." Id. If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002). Consequently, in order for deliberate indifference to be established, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. McGuckin, 974 F.2d at 1060.

The Eighth Amendment requires that prisoners be provided with a system of ready access to adequate dental care. Hunt, 865 F.2d at 200. On the other hand, "delay in providing a prisoner with dental treatment, standing alone, does not constitute an Eighth Amendment violation." Id.; see also Hallett v. Morgan, 296 F.3d 732, 746 (9th Cir. 2002). But a constitutional violation can result from deliberate delay which amounts to a wanton infliction of unnecessary pain. Hunt, 865 F.2d at 200.

//

B. Dr. Babienco

Plaintiff complains that, because of Dr. Babienco's deliberate indifference to his dental health, Plaintiff has been in constant pain since 2003, has lost all of his teeth, and has suffered adverse effects to his heart.

1. 2003 Administrative Appeal

In his 2003 administrative appeal, Plaintiff complained that inmates were not given two-year dental re-examinations, only one tooth was worked on at a time, and follow-up appointments had to be initiated by inmates. Plaintiff complained of pain as a result of this lack of proper dental care, requested to be seen by an outside dentist, and requested dental implants.

There is no dispute that Plaintiff's pain resulting from tooth decay was a serious medical need. Plaintiff has failed to show a genuine issue of material fact, however, as to whether Dr. Babienco failed to take a reasonable step to abate Plaintiff's pain in response to Plaintiff's 2003 administrative appeal.

To begin with, a plaintiff pursuing an action under section 1983 must show that individual defendants proximately caused the constitutional deprivation by setting forth "specific facts as to each individual defendant's" deprivation. Leer v. Murphy, 844 F.2d 628, 633-34 (9th Cir. 1988). Plaintiff's complaints about general aspects of CTF dental care--that inmates are not automatically given two-year re-examinations, that only one tooth is worked on at a time, and that inmates are required to schedule follow-up appointments--do not allege or identify any particular actions by Dr. Babienco in treating or failing to treat Plaintiff. Moreover,

13

these procedures reasonably placed responsibility on Plaintiff to request and schedule his own dental appointments, and as such do not on their own constitute deliberate indifference.

With respect to Plaintiff's request for treatment at an outside facility, Plaintiff has not presented any evidence that his dental condition in 2003 required treatment at an outside facility, rather than at CTF. The undisputed evidence demonstrates that Dr. Babienco informed Plaintiff of the procedures for obtaining dental treatment at CTF, as well as the conditions he would have to meet to receive treatment from an outside dentist.

Dr. Babienco was also not deliberately indifferent in denying Plaintiff's request for dental implants to replace his teeth and informing him that dentures were a possibility instead. A difference of medical opinion between a medical professional and a prisoner-plaintiff as to proper treatment is insufficient to establish deliberate indifference under the Eighth Amendment. Toguchi v. Chung, 391 F.3d 1051 (9th Cir. 2004). Moreover, Dr. Babienco's determination that dentures were a sufficient treatment option is supported by Dr. O'Neal's recent recommendation of dentures instead of implants. There is no genuine issue of material fact that Dr. Babienco's denial of Plaintiff's request for implants in light of the availability of dentures amounted to deliberate indifference.

In sum, there is no genuine issue of material fact as to whether Dr. Babienco treated Plaintiff with deliberate indifference in 2003.

14

2.  2007 Administrative Appeal and Dental Examination

In his 2007 administrative appeal, Plaintiff complained that he was given inadequate dental treatment in 2003, leading to the loss of his teeth and dental pain. Plaintiff asked to be treated by CTF dental staff. Plaintiff and Defendants agree that Plaintiff's teeth were severely decayed in 2007. Defendants do not contest that Plaintiff experienced pain as a result of the decay or that such pain amounted to a serious dental need.

Plaintiff has failed to show a genuine issue of material fact as to whether Dr. Babienco, in his response to Plaintiff's 2007 appeal, failed to take a reasonable step to abate Plaintiff's pain. Plaintiff's own Exhibit A shows that when Plaintiff asked for dental treatment, Dr. Babienco granted his request, with the simple requirement that Plaintiff fill out a request form for treatment. Once Plaintiff completed the form, Dr. Babienco gave Plaintiff the requested dental examination in June, 2007. These were reasonable steps taken by Dr. Babienco to address Plaintiff's dental needs at the time.

Plaintiff also has not shown a genuine issue of material fact as to whether Dr. Babienco reasonably addressed Plaintiff's dental needs following the examination in June, 2007. Dr. Babienco decided not to prophylactically remove all of Plaintiff's remaining teeth due to Plaintiff's life-threatening heart condition. This decision did not cause Plaintiff to suffer pain because Plaintiff could still have individual teeth removed in emergencies if he was in pain, as had been repeatedly done for him in the past when he

15

complained of pain, including as recently as January, 2007. Plaintiff has not presented any evidence to the contrary, or even opposed Defendants' motion. The fact that Dr. O'Neal decided in 2009 that he could safely extract all of Plaintiff's teeth and fit Plaintiff for dentures at CTF does not constitute evidence that CTF had the capacity for performing such procedures safely in 2007 when Dr. Babienco examined him. Thus, no genuine issue of material fact exists as to whether Dr. Babienco took the proper steps to care for Plaintiff's dental needs following the June, 2007 examination.

### 3. Loss of Teeth and Heart Disease

Plaintiff also claims that Dr. Babienco's deliberate indifference caused the degeneration of his teeth and affected his heart. As discussed above, there is no evidence that Dr. Babienco was deliberately indifferent to Plaintiff's dental needs prior to the June, 2007 examination, at which time the uncontradicted evidence shows that Plaintiff's teeth were already completely decayed. The record of Plaintiff's dental examinations prior to that time indicates that his tooth decay dated back to the late 1980s, and was caused by inadequate dental hygiene, not by any deliberate indifference by Dr. Babienco. Plaintiff has also presented no evidence that Dr. Babienco caused Plaintiff's heart disease. Rather, the evidence shows that Dr. Babienco's decision not to treat Plaintiff more aggressively was made out of a desire to protect Plaintiff's heart. Therefore, no genuine issue of material fact exists as to these two claims.

//

16

C. Dr. Sather and Dr. Chudy

Dr. Sather is the Chief Dental Officer at CTF. (Sather Decl. ¶ 1.) Dr. Sather was not directly involved in Plaintiff's treatment, but he responded to the second-level administrative appeal in 2003, and the first-level administrative appeal in 2007. (Compl. Ex. A at 5, 14.) With respect to the latter, Dr. Sather claims that he did not actually review Plaintiff's appeal in 2007. (Sather Decl. ¶ 4.) The response to the appeal shows that Dr. Sather's name is typed underneath the signature line, but the signature of a Dr. James Hill appears instead. (Compl. Ex. A at 5.) Drawing all reasonable inferences in favor of Plaintiff, as the Court is required to do at this stage of the case, it will be assumed that Dr. Sather reviewed Plaintiff's 2007 administrative appeal at the first level of review.

Dr. Chudy is the Chief Medical Officer at CTF. (Compl. Ex. A at 8.) The evidence shows that Dr. Chudy was not the Chief Medical Officer at CTF during Plaintiff's 2003 administrative appeal, and was not involved in the 2003 appeal in any way. (Id. at 14.) The evidence shows that Dr. Chudy's involvement with Plaintiff's case consisted only of his second-level response to Plaintiff's 2007 administrative appeal, on May 17, 2007. (Id. at 8.)

The evidence shows that Dr. Sather's involvement with Plaintiff's dental treatment ended on March 28, 2007 at the latest, when he responded to Plaintiff's first-level appeal. It is also undisputed that Dr. Chudy's involvement with Plaintiff's dental treatment ended on May 17, 2007, when he reviewed Plaintiff's 2007

17

appeal at the second level. Plaintiff has made no allegations and presented no evidence to the contrary. As discussed above, these decisions did not amount to deliberate indifference to Plaintiff's dental needs.

There is furthermore no evidence that Dr. Sather and Dr. Chudy are liable in their capacity as supervisors. Supervisors may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). For the reasons discussed above, there is no genuine issue of material fact that Dr. Babienco, the subordinate of Dr. Sather and Dr. Chudy, was deliberately indifferent to Plaintiff's dental needs. In the absence of a constitutional violation by their subordinate, they cannot be held liable as supervisors.

D.  Summary

For the reasons outlined above, Plaintiff has raised no triable issue of fact as to whether Dr. Babienco acted with deliberate indifference to Plaintiff's serious dental needs. Plaintiff has also not raised a triable issue of fact as to whether Dr. Sather and Dr. Chudy acted with deliberate indifference to

18

Plaintiff's serious dental needs.  Accordingly, Defendants Dr. Babienco, Dr. Sather and Dr. Chudy are entitled to summary judgment.

CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment (docket no. 22) is GRANTED.  Plaintiff's motion to compel discovery (docket no. 20) is DENIED.  Docket nos. 20 and 22 are terminated.  The clerk shall enter judgment and close the file.  The parties shall bear their own costs.

IT IS SO ORDERED.

DATED:   2/3/10



CLAUDIA WILKEN
United States District Judge

P:\PRO-SE\CW\CR.08\Evins2537.MSJ.wpd            19

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

WILLIAM L. EVINS,

        Plaintiff,

v.

BEN CURRY et al,

        Defendant.

Case Number: CV08-02537 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 3, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

William L. Evins
D14797
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960

Dated: February 3, 2010

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk